STONE et al. v. UNITED STATES.
No. 55.

Circuit Court of Appeals, Second Circuit.
Jan. 5, 1931.

James M. Noonan, of Albany, N. Y., for appellants.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellant Sullivan was convicted on counts 1, 3, 4, and 5 of the indictment and acquitted on count 2. The appellants Stone and Theodora were convicted on counts 3 and 4 and acquitted on counts 1, 2, and 5. Other defendants named in the indictment were acquitted. Prison sentences were imposed.

The crime charged in the indictment was said to have been committed at the premises known as Lido Venice, Saratoga Springs, N. Y., on the nights of August 14 and 15, 1929. The record title to these premises was in one Mitchell in August, 1929, and prior thereto. It consisted of a remodeled farmhouse, and was partly occupied by the appellant Sullivan as a club. The restaurant and kitchen were occupied under a lease, and operated by one Bryden. The lease was dated

July 27, 1929, and was in force during the month of August, 1929. Bryden was in active charge of the restaurant, and employed and directed the help. A soft drink license was issued by the municipal authorities in his name, and the policy of compensation insurance covering his employees in the restaurant was issued to him for this period. The employees testified to his proprietorship and operation of the restaurant. Appellant Stone was one of the captains of the restaurant, and Theodora was a waiter.

On the night of August 14, 1929, a government agent ordered from Stone, the head waiter, champagne, which was served by an unidentified waiter. On the following night, August 15th, the same agent ordered champagne and whisky from Stone, who went away, and shortly thereafter the appellant Theodora returned with the liquor. Both appellants were identified by the two agents of the government, one as Stone who received the order for the drinks, and the other Theodora as the one who served them. This was sufficient proof of sale, and justifies the conviction under the third count of the indictment.

The fourth count is a charge of having possession a few minutes past midnight on the morning of the 16th of August, 1929. This charge consisted of having bottles of liquor found in a Buick motorcar which was in a parking space near the hotel, with a number of other cars owned by patrons of the restaurant. The car was not registered in the name of any of the defendants. The theory of guilt as to these appellants on this count is that the prohibition agents found 19 quarts of ale, 7 quarts of colored distilled spirits, and 2 quarts of white distilled spirits in this car. The car was visited at this hour of the morning by the agents, who made a search of it and found the bottles. They saw a man dressed in civilian clothes run up to the car, but there is no identification of either appellants. There is no evidence of either having been in or near the car. The testimony was insufficient to present a jury question as to whether Stone or Theodora had possession, dominion, or authority over liquor in this car. Their judgment of conviction on the fourth count will be reversed.

Appellant Sullivan alone was convicted of conspiracy charged in the first count. The charge consisted of unlawfully obtaining intoxicating liquors, possession, and the sale of the same at the premises. The overt acts comprise an alleged sale on August 14, 1929, the sale for which Stone and Theodora were convicted, made on August 15, 1929, and

possession on August 16, 1929. There is no evidence that Sullivan was on the premises on either of these dates. His operation of the restaurant was left entirely to conjecture and speculation. The court called the jury's attention to the fact that about two years prior to August, 1929, a contractor was employed by the appellant Sullivan to make alterations to these premises, and that $80,000 was expended by him for such alterations. At one time he loaned an automobile to a workman to haul garbage from the restaurant, and, when the defendants were arrested, he sought to bail Stone, Theodora, and Freedman, the latter another defendant.

It is clearly established that there were two separate enterprises carried on in this building, one the restaurant operated by Bryden, and known as the Lido Venice Restaurant, and the club carried on as Sullivan's business, known as the Lido Venice Club. The steward of the restaurant testified that the restaurant was Bryden's enterprise and he paid the bills for supplies, hired and discharged all help. This appellant was not shown to have exercised any authority or dominion over the restaurant nor to have supplied the funds for its operation, nor did he participate in its management in any way. There was no evidence of his aiding in the sale of the liquor nor is there proof of knowledge that liquor was sold on the premises. There is no evidence of a conspiracy in which Sullivan participated. When search was made of the premises, no intoxicating liquors were found.

The incident of loaning a truck to one Gaffney, who hauled garbage from the premises in August, 1929, is not shown to have been more than an accommodation.

After the arrest, Sullivan appeared on the roadside near the premises and talked with appellee's witness with reference to obtaining bail for the men. He denied having anything to do with the restaurant, but admitted that he ran a gambling club there. There is evidence that a check was received by a press company upon which, under the name of the restaurant, there was "P. J. Sullivan, Proprietor." The witness did not know who was the maker of the check nor anything about its issuance or use.

In this state of the evidence, the court charged the jury in relation to the appellant Sullivan, who claimed that he was not the proprietor and had nothing to do with the operation of the restaurant: "The Government's reply is that both Mitchell and Bryden are stool pigeons, camouflages and

disguises and intended for a situation such as this; that they are not the owner and they are not the proprietor; that they are stalking horses." There was no evidence to submit to the jury in support of the charge on either of the counts upon which Sullivan was convicted. Such inferences were not permissible,. and there was no warrant for such a charge on the evidence. A judgment of acquittal should have been ordered.

Judgment reversed as to Sullivan. Reversed as to Stone and Theodora on count 4, and affirmed on count 3.